

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

No. 07-14-00172-CR

BLAINE A. HARRELL, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

On Appeal from the 432nd District Court
Tarrant County, Texas
Trial Court No. 1316220D, Honorable Ruben Gonzalez, Jr., Presiding

July 29, 2014

## MEMORANDUM OPINION

Before QUINN, C.J., and HANCOCK and PIRTLE, JJ.

Blaine A. Harrell was convicted, after pleading guilty pursuant to a plea bargain, of driving while intoxicated with a child passenger. He was sentenced to two years confinement which was suspended for five years. On November 25, 2013, the State filed a petition to revoke appellant's probation. Appellant pled true to four of the five alleged violations, but the motion to revoke was held in abeyance and probation was continued. On March 11, 2014, a first amended petition to revoke was filed. There was one new violation alleged in addition to some of the violations alleged in the first

petition. Appellant pled true to the violations. Thereafter, the court revoked his probation and sentenced him to fifteen months confinement.

Appellant's appointed counsel has filed a motion to withdraw, together with an *Anders*[1] brief, wherein he certifies that, after diligently searching the record, he has concluded that the appeal is without merit. Along with his brief, he has filed a copy of a letter sent to appellant informing him of counsel's belief that there was no reversible error and of appellant's right to appeal *pro se*. By letter, this court also informed appellant of his right to file his own brief or response by July 14, 2014, if he wished to do so. To date, no response has been received.

In compliance with the principles enunciated in *Anders*, appellate counsel discussed potential areas for appeal including the indictment, appeals from community supervision in general, the legality of the sentence, whether the trial court abused its discretion in revoking probation, the ability of the court to punish a state jail felony as a Class A misdemeanor, and ineffective assistance of counsel. However, he has explained why each potential issue lacks merit.

We have also conducted our own review of the record to assess the accuracy of appellate counsel's conclusions and to uncover any error pursuant to *In re Schulman,* 252 S.W.3d 403 (Tex. Crim. App. 2008) and *Stafford v. State*, 813 S.W.2d 503 (Tex. Crim. App. 1991). We have discovered none. However, appellate counsel did point to a clerical error regarding the amount of served time credited to appellant. When he was originally placed on community supervision, he was ordered, as a condition of community supervision, to serve fifteen days in jail. When the court revoked appellant's community supervision, it noted the time spent in jail and indicated that appellant spent

_____

[1] *Anders v. California*, 386 U.S. 738, 744-45, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967).

2

from April 12, 2013 to May 5, 2013, as a condition of probation which was then subtracted from his credit for time served. However, he was only required to spend fifteen days in jail as a condition of probation; therefore, only fifteen days should be subtracted from the amount of time served instead of twenty-four days. We therefore modify the judgment to show that appellant should be credited for an additional nine days of jail time.

The motion to withdraw is granted, and, as modified, the judgment is affirmed.


Brian Quinn
Chief Justice


Do not publish.